IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CYNTHIA ANN HUTSON,

        Plaintiff,

  v.                                    Civil Action No.
                                          5:15-CV-0915 (DEP)

CAROLYN W. COLVIN, Acting Commissioner
 of Social Security,

        Defendant.

---

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF

OLINSKY LAW GROUP          ALYSSA VAN AUKEN, ESQ.
300 S. State Street               HOWARD D. OLINSKY, ESQ.
5th Floor, Suite 520
Syracuse, NY 13202


FOR DEFENDANT

HON. RICHARD S. HARTUNIAN  JOSHUA L. KERSHNER, ESQ.
United States Attorney        Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was heard in connection with those motions on September 27, 2016, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: September 29, 2016
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------x
CYNTHIA ANN HUTSON,

                        Plaintiff,

vs.                                  5:15-CV-915

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,


                        Defendant.
------------------------------------------------x
```

*Decision - September 27, 2016*

James Hanley Federal Building, Syracuse, New York

HONORABLE DAVID E. PEEBLES

United States Magistrate-Judge, Presiding


A P P E A R A N C E S (by telephone)

For Plaintiff:      OLINSKY LAW GROUP
                    Attorneys at Law
                    300 South State Street
                    Syracuse, New York 13202
                      BY: ALYSSA VAN AUKEN, ESQ.


For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    26 Federal Plaza
                    New York, New York 10278
                      BY: JOSHUA L. KERSHNER, ESQ.


*Eileen McDonough, RPR, CRR*
*Official United States Court Reporter*
*P.O. Box 7367*
*Syracuse, New York 13261*
*(315)234-8546*

THE COURT: I have before me a request for judicial review of an adverse determination of the Commissioner pursuant to 42, United States Code, Section 405(g). The background is as follows.

The plaintiff was born in July of 1950 and is currently 66 years old. She was 63 years old at the time of the hearing in this matter, and 61 years old at the time of her alleged onset date. She lives with her parents, who she cares for. She is divorced. She has a high school diploma and one year of business school education. She drives.

She last worked on or about December 30, 2011 as a receptionist in a CPA's office where she worked for six years. Prior to that she was in communications also doing both clerical and reception work for ten to twelve years. Although there is some discrepancy, it appears that the plaintiff left her position as a receptionist in December 2011 to care for her elderly parents. At least that is what she told Dr. Schaeffer, one of her treating sources.

She has a lumbar back issue with pain radiating into her buttocks and right leg. She has been treating with Dr. Gary Freeman, who is a general practitioner, and Dr. Martin Schaeffer, an orthopedist, who she saw on December 22nd, 2011 and May 15, 2012. She uses a cane, although that has not been prescribed, and generally conservative treatment including over-the-counter medication

such as Aleve.

She does have cataracts. She sees Dr. Leslie Woodcock, who has recommended surgery. Surgery was planned but canceled for lack of insurance. She has undergone Magnetic Resonance Imaging testing of her lumbar spine, including in December of 2011, which reflected a herniated disc and a bulge both at L5-S1, with some compromise of the nerve root.

Procedurally, plaintiff applied for Title II benefits on April 30, 2012, alleging an onset date of December 30, 2011. A hearing was conducted by Administrative Law Judge Elizabeth Koennecke on December 9, 2013. ALJ Koennecke issued a decision on February 19, 2014. That decision became a final determination of the Agency on May 27, 2015 when the Social Security Administration Appeals Council denied plaintiff's request for review.

In her decision ALJ Koennecke applied the five-step sequential test for determining disability. Step one concluded plaintiff had not engaged in substantial gainful activity since her alleged onset date.

At step two she concluded that plaintiff suffers from severe impairments including degenerative joint disease of the lumbar spine.

At step three she concluded, however, that plaintiff's condition does not meet or medically equal any of

the listed presumptively disabling conditions set forth in the Commissioner's regulations, focusing on Rule 1.04, and concluding that there were no consistent findings of sensory loss, motor weakness, or reflex abnormality or straight leg raise test.

After surveying the evidence in the record, ALJ Koennecke concluded that plaintiff essentially has the ability to perform a full range of sedentary work as defined in the Commissioner's regulations.

At step four, after explaining the basis for her determination and credibility findings, she concluded that plaintiff is capable of performing her past relevant work as a receptionist as outlined in the Dictionary of Occupational Titles which reflects that it is a sedentary position and semi-skilled.

As you know, my role is limited. I must determine whether correct legal principles were applied and the determination is supported by substantial evidence. The standard to be applied is extremely deferential.

Turning first to the argument regarding step two, as I indicated during the argument, although plaintiff has been diagnosed with cataracts, it is not the condition that is germane, but rather any limitations associated with the condition. It is plaintiff's burden, of course, at step two to establish the existence of limitations. I note that

plaintiff did not mention cataracts as affecting her ability to perform work in either her disability application or at the hearing.

Clearly Dr. Woodcock did report, as we discussed, that plaintiff reported difficulty in reading due to the cataracts. But Dr. Woodcock also tested the plaintiff's eyesight, as did Dr. Ganesh, and Dr. Woodcock concluded that plaintiff's eyesight was 20/40 in her right eye and 20/30 in her left. And as counsel pointed out at page 302, his medical source statement did not list any visual limitations when asked to specify other limitations, including postural, manipulative, visual, communicative or environmental; instead simply indicating N/A. So I don't find any error at step two.

Turning to the RFC, once again, it is of course plaintiff's burden to establish the residual functional capacity and her limitations to perform work functions. We've already discussed cataracts. With regard to her psychiatric or psychological condition, once again, she did not mention that when asked both in her application and at the hearing as an impairment that affected her ability to work.

Dr. Freeman did diagnose her as suffering from anxiety disorder on January 27, 2011. That's at page 227. But other than that, and Dr. Caldwell's reference to rule out

adjustment disorder, there are no psychiatric, no medical sources that have opined that she suffers from a cognizable Axis I diagnosis or diagnosed condition. So I find that this condition was properly ruled out.

And I further find that the physical limitations associated with the RFC are supported by Dr. Ganesh's consultative report, as well as her conservative treatment and the fact that she is limited to her over-the-counter medications.

In terms of plaintiff's reports concerning symptomatology, I note that we tend to refer to that as credibility. The SSR16-3p tries to do away with credibility as a term and instead focus on plaintiff's reports concerning her symptomatology and how they are assessed. In any event, I've reviewed carefully pages 24 through 26 particularly of the Administrative Record. I believe that the Administrative Law Judge has set forth her findings with regard to credibility with sufficient clarity to permit meaningful judicial review. And I think based on the variety of factors that we discussed, minimal treatment, the medical evidence, and reports of daily activities, the plaintiff's reports of her symptomatology were properly viewed as overstated.

The last argument, of course, is step four. Transferability, which has been argued by the plaintiff, does not come into play until step five. And the step four

determination was proper.  It was based on the RFC finding and the DOT reports concerning how the position of receptionist is typically performed.

So, in conclusion, I find that the determination is supported by substantial evidence and I will grant judgment on the pleadings to the defendant.  And I want to thank you both for excellent arguments and I hope you have a good day.

MR. KERSHNER:  Thank you, Your Honor.

MS. VANAUKEN:  Thank you, Your Honor.

\*          \*          \*

C E R T I F I C A T I O N

      I, EILEEN MCDONOUGH, RPR, CRR, Federal Official Realtime Court Reporter, in and for the United States District Court for the Northern District of New York, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

_____
EILEEN MCDONOUGH, RPR, CRR
Federal Official Court Reporter